IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH LESTER HITT, #361865 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-13-2083 |
| SGT. JEETER | * | |
| KATHLEENE S. GREENE | | |
| GOVERNOR MARTIN O'MALLEY | * | |
| Defendants. | | |

*****

MEMORANDUM

I.   Procedural History

In his 42 U.S.C. § 1983 complaint filed on July 17, 2013, plaintiff Ralph Lester Hitt ("Hitt") sought declaratory relief and compensatory and punitive damages, alleging that he is a 69-year-old man, who suffers from bowel cancer, congestive heart failure, chronic obstructive pulmonary disease ("COPD"), deafness, and a heart infection. He complains that he is being held in the "troubled and scandal ridden infirmary" at the Eastern Correctional Institution ("ECI").

According to Hitt's complaint, on June 29, 2013, he was in the observation room of the ECI infirmary, when an ambulance was called to take him to the hospital. He contends that he could not walk and Sergeant Jeeter dragged him out of bed and across the floor at which time he was helped up onto a stretcher by an ambulance attendant and unknown officer. Hitt thereafter raises a myriad of claims to allege the following: (1) his bowel was perforated when provided a colonoscopy at the Peninsula Regional Medical Center ("PRMC"), in Salisbury, Maryland; (2) he is deaf and is being denied a hearing aid, access to the library, clean clothes, right to religious worship, a cardiac diet,

and access to his stored legal work; and (3) he has not been provided proper medical care for neck and back injuries sustained when Jeeter dragged him out of bed and across the floor. ECF No. 1.

II. Pending Dispositive Motions

Currently pending is defendants' motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 18. Plaintiff, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 19, has chosen not to file opposition materials.[1] The undersigned has examined the records and exhibits submitted by defendants and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2014). For reasons to follow, defendants' pleading, construed as a motion for summary judgment on the affirmative defense of failure to exhaust prison administrative remedies, shall be granted.

III. Standard of Review

Under revised Federal Rule of Civil Procedure 56(a),

> [a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to

---

[1] A fee-payment receipt, returned to this court on or about March 10, 2014, seemingly indicates that Hitt was released from confinement. ECF No. 20.

determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

IV. Discussion

1. Facts

Defendants do not dispute the fact that Hitt is an elderly inmate housed at ECI with a number of health problems, including hypertension, atrial fibrillation, hearing loss, and emphysema. They maintain that he is usually housed in a six-bed unit near the infirmary called Housing Unit 9. The medical records indicate that Hitt was housed in the ECI Infirmary from June 30, 2013, to July 10, 2013. ECF No. 18 at Ex. C. There is no evidence, however, that he was transported to a local hospital on June 29, 2013. While in the Infirmary, Hitt made no report of the alleged incident involving Jeeter or of having pain to his back and neck. *Id.* at Ex. C, pp. 2-31. Rather, his chief complaint was of constipation. *Id.*, pp. 2, 4 & 7-8. On July 3, 2013, it was decided to send Hitt to PRMC for a gastro-intestinal ("GI") examination resulting from low hemoglobin and the possibility of GI bleeding. He was transported to the hospital in stable condition and underwent a number of evaluations, tests, and procedures. *Id.*, pp. 32-49. Hitt did not complain of being pulled off his bunk or dragged across the floor or of any neck or back pain. *Id.*

It is argued that Warden Green plays no role in providing medical care to the inmate population as medical care is furnished pursuant to contract entered into by the State of Maryland with a private health care contractor. Correctional personnel make no determinations regarding the medical care provided to inmates and have no authority to direct medical staff to provide or withhold care. *Id.* at Ex. A, Hanke Decl.

An investigation was conducted into Hitt's July 18, 2013, administrative remedy procedure ("ARP") grievance against Jeeter in regard to the alleged incident of June 29, 2013. ECF No. 18 at Ex A. Hitt indicated that his back was twisted trying to stand after Jeeter had pulled him from his bunk. Jeeter denied grabbing Hitt by his wrist or dragging him across the floor. Jeeter's lack of

4

involvement was corroborated by the duty nurse, Amanda Brimer. Hitt subsequently dropped the grievance and no injury was ever noted. *Id.* In his declaration, Jeeter denies pulling Hitt from his bunk or dragging him across the floor. *Id.* at Ex. B, Jeeter Decl.

Defendants note that all ECI inmates are afforded access to the library and legal materials, even if they cannot walk there, as they may fill out a form request for materials they want and it is brought to them by an inmate worker. *Id.* The records of the ECI library show that Hitt never submitted a service request to the library. *Id.* at Ex. D, Mahofski Decl.

Further, defendants maintain that inmates in Housing Unit 9 are issued passes to go to religious services if they signed up for a religion through the Chaplain's Office and are on the list. In addition, the Chaplain visits the infirmary and Housing Unit 9. *Id.* at Ex. B, Jeeter Decl. Finally, defendants affirm that the clothing of ECI inmates housed in Housing Unit 9 and the Infirmary is washed regularly by inmate workers on a weekly basis and no inmates are denied clean clothes. Defendants state that laundry detergent is provided free to the inmates. *Id.*

2. Legal Analysis

According to the unrefuted Declaration of Assistant Warden Hanke, Hitt did not file and exhaust ARPs as to any of the claims raised herein. ECF No. 18 at Ex. A, Hanke Decl.

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. Hitt is subject to the strict requirements of the exhaustion provisions. It is of no consequence that he is aggrieved by a single occurrence, as opposed to a general conditions-of-confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is

5

made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim that has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion under the PLRA is an affirmative defense, and defendants bear the burden of proving it. *Id.* at 216; *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore*, 517 F.3d at 725.

Thus, Hitt's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until

they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Hitt's failure to fully exhaust administrative remedies is undisputed. The unopposed record shows that Hitt had access to the ARP grievance process, but did not fully grieve claims regarding Sergeant Jeeter's alleged actions and issues regarding his medical care, library or religious services, or cardiac diet. *Id.* It is clear that defendants have met their burden of proof on their affirmative defense and that the claims are subject to dismissal for non-exhaustion.

V. Conclusion

For the aforementioned reasons, defendants' motion for summary judgment shall be granted.[2] A separate Order follows.

Date: Aug 2, 2014

James K. Bredar
United States District Judge

---

[2] Hitt has filed a motion for *pro bono* assistance. ECF No. 11. In light of the dismissal of this case, the motion shall be denied.